IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD MARTIN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-15-2429 |
| THE STATE'S ATTORNEY'S OFFICE OF MONTGOMERY COUNTY, STATE'S ATTORNEY JOHN MCCARTHY, ASSISTANT STATE'S ATTORNEY CHRISTINA FAVRETTO, ASSISTANT STATE'S ATTORNEY KAREN MOONEY | * * * * | |
| Defendants | * *** | |

## MEMORANDUM

Richard Martin ("Martin"), a resident of Boston, Massachusetts, filed a personal injury action against the prosecutors who obtained his conviction following his December 26, 2008 arrest in Montgomery County, Maryland. Martin, who is self-represented, filed this Complaint on August 6, 2015. Compl., ECF No. 1. He filed a motion for leave to proceed in forma pauperis, ECF No. 2, which will be granted because the financial affidavit accompanying his Complaint indicates that he has no source of income.

Martin alleges that he was maliciously prosecuted by members of the Montgomery County, Maryland State's Attorney's Office. As a result of a criminal investigation and indictment, Martin pleaded guilty to harassment and fourth-degree burglary, for which he was sentenced to six months of incarceration.[1] While serving his sentence at the Montgomery County

---

[1] Martin notes that after four months of incarceration he was released. His probation ended in 2014. Compl. 8. The case is not listed on Maryland's electronic docket. Exhibits provided with the Complaint suggest the case of *State of Maryland v. Richard Martin*, Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland,

Detention Center ("MCDC") Martin claims he was subjected to "a minor assault and some verbal abuse."[2] Compl. 7. He blames his conviction and all "offensive contacts that [he] endured" from the time of arrest until release from detention on the County prosecutors,[3] and alleges that they are responsible for torts, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 16–17. He seeks $10 million in damages and the disbarment of the prosecutors. *Id.* at 18.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and

---

arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. ECF No. 1-15; *see also* Indictment, ECF No. 1-14.

[2] Martin makes no claim of civil rights violations against MCDC or MCDC personnel.

[3] Martin indicates his DNA was collected, presumably for inclusion in a criminal database.

must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722–23 (4th Cir. 1989). Thus, this court is obligated to examine both the tort claims outlined in the Complaint, and also examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

Liberal construction of Martin's Complaint, however, does not save it from early dismissal. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman,* 424 U.S. 409 (1976). Indeed, Martin acknowledges prosecutorial immunity in his Complaint, but asserts that it "is immoral because it encourages corruption." Compl. 1. Absolute immunity is designed to protect *judicial process*, thus, the inquiry is whether prosecutor's actions are closely associated with judicial process. *See Burns v. Reed,* 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial." The named Defendants enjoy absolute immunity for their role in prosecuting him. *See Lyles v. Sparks,* 79 F.3d 372 (4th Cir. 1996). Thus, Martin's claims cannot proceed under § 1983.

Martin's other tort claims fare no better, as they are time-barred. Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. At the latest, Martin's claims against the prosecutors would have been manifested at the time of sentencing, which occurred on August 3, 2009. Compl. 2. Martin's request for equitable tolling, *id.*, based upon his inability to find an attorney to represent him in a civil action against Defendants,[4] is unavailing. Because Martin did not file this lawsuit before the limitations period expired, it is time-barred and cannot proceed.

---

[4] As he is not proceeding against the Montgomery County Police Department in this action, his statement regarding equitable tolling because he was "afraid" of what the police might do if he took action against them (ECF No. 1, p. 2) is not relevant with regard to his allegations against members of the State's Attorney's Office.

3

Title 28 U.S.C. § 1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated, the case is subject to dismissal. Martin's request to file electronic pleadings, ECF No. 3, shall be denied as moot. A separate Order follows.

_08 24 15_
Date

_____
Paul W. Grimm
United States District Judge